# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**TYRONE MARCEL MORGAN,**
**D.O.C. # G-113894,**

    **Plaintiff,**

vs.                                   Case No. 4:22cv182-MW-MAF

**FLORIDA DEPARTMENT OF CORRECTIONS, et al.,**

    **Defendants.**
_____/

## SECOND REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, sought to initiate a civil rights case in this Court in May 2022 by submitting a civil rights complaint, ECF No. 1, but he did not pay the filing fee or file an in forma pauperis motion at the time of case initiation. An Order was entered on May 16, 2022, directing Plaintiff to do one or the other if he wanted to proceed. ECF No. 3. In late June, Plaintiff was granted an extension of time in which to comply. ECF No. 6. Plaintiff was warned that if he did not pay the filing fee or file an in forma pauperis motion by August 1, 2022, a recommendation would be made to dismiss this case. *Id.* When nothing further was received, a Report and

Recommendation was entered on August 12, 2022, recommending this case be dismissed because Plaintiff had apparently abandoned this litigation. ECF No. 7.

Plaintiff then filed an objection to the Report and Recommendation, and requested an extension of time in which to comply. ECF No. 8. Chief United States District Judge Mark E. Walker rejected the recommendation and granted Plaintiff an extension of time. ECF No. 9. Plaintiff was directed to "either pay the filing fee or file a motion for leave to proceed in forma pauperis on or before Monday, October 24, 2022." *Id.*

As of this date, Plaintiff has not complied. Plaintiff has now had more than five months to obtain an inmate bank account statement to support an in forma pauperis motion. He was provided the proper in forma pauperis form from the Clerk of this Court in mid-May 2022, but has failed to comply. *See* ECF No. 3. No additional time should be extended to Plaintiff to file an in forma pauperis motion. This case should be dismissed without prejudice. Plaintiff may re-file the case if, and when, he obtains the required inmate account statement to properly support an in forma pauperis motion.

Case No. 4:22cv182-MW-MAF

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  See <u>Ciosek v. Ashley</u>, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . . " <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in <u>Betty K Agencies, Ltd. v. M/V MONADA</u>, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989).  Plaintiff has been warned that the case may be dismissed if he failed to comply.  He has already had a Report and Recommendation rejected and given additional time to comply.  Dismissal is appropriate and no further extensions of time should be provided.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on November 2, 2022.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:22cv182-MW-MAF